Ma v. Sessions

BIA
Loprest, IJ
A205 240 453

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19ᵗʰ day of December, two thousand seventeen.

PRESENT:
> DENNIS JACOBS,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
>    *Circuit Judges.*

_____

JIANZHONG MA,
>    *Petitioner,*

v.                                          16-2185
                                            NAC
JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:          Jianzhong Ma, pro se, Flushing, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Andrew N. O'Malley, Senior Litigation Counsel; Timothy G. Hayes, Trial Attorney, Office of Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jianzhong Ma, a native and citizen of the People's Republic of China, seeks review of a May 26, 2016, decision of the BIA affirming a March 10, 2015, decision of an Immigration Judge ("IJ") denying Ma's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jianzhong Ma,* No. A205 240 453 (B.I.A. May 26, 2016), *aff'g* No. A205 240 453 (Immig. Ct. N.Y. City Mar. 10, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented and modified by the BIA. *Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013).

2

## I.    Adverse Credibility Ruling

The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility determination on discrepancies between an applicant's oral and written statements and between an applicant's statements and other record evidence, and "any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the agency's adverse credibility ruling.  First, the agency reasonably relied on a discrepancy between Ma's testimony and his supporting evidence regarding the name of the U.S. church he attended. Ma argues that the church's name can be translated in different ways, and that blessing Christian Mission Church is translated in Mandarin as Christ Grace Church.  This argument does not compel a different result. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony."

3

(internal quotation marks omitted)). Neither Ma nor his counsel objected to the interpretation, nor has Ma provided any independent evidence to support his claim regarding the translation. *See INS v. Phinpathya*, 464 U.S. 183, 188 n. 6 (1984) (assertions in a brief are not evidence).

This material inconsistency calls into question whether Ma attended church regularly (or at all) in the United States, which in turn casts doubt on whether he is a practicing Christian. *Cf. Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006)(holding that even a single material inconsistency can support an adverse credibility determination).

The adverse credibility ruling is also supported by Ma's admission that he lied to U.S. immigration officials and provided a false marriage certificate and employment records in order to obtain a U.S. visa. *Xiu Xia Lin*, 534 F.3d at 167; *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). Although fraud in fleeing persecution may sometimes enhance credibility, *see Rui Ying Lin v. Gonzales*, 445 F.3d 127, 133 (2d Cir. 2006), Ma's credibility is undermined because he did

not allege past religious persecution or press his political opinion claim before the IJ, *Majidi*, 430 F.3d at 80-81.  That omission provided an additional basis for the adverse credibility ruling, which Ma does not challenge.  These inconsistencies and Ma's admission of use of fraudulent documents provide substantial evidence for the agency's adverse credibility ruling.  *Xiu Xia Lin*, 534 F.3d at 167; *Xian Tuan Ye*, 446 F.3d at 295-96; *Siewe*, 480 F.3d at 170.  Because Ma's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief.  *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

**II.  Well-founded Fear**

Alternatively, we find no error in the agency's determination that Ma did not state an objectively reasonable fear of future persecution.  8 C.F.R. § 1208.13(b)(2)(iii); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).  Ma did not show that he would be singled out for persecution, especially given his testimony that his wife occasionally attended an underground church and had not been harmed.  *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999). Nor did he establish a pattern of

persecution of Christians in China because the country conditions reflected that treatment varied by region, and Ma did not provide any evidence of persecution of Christians in his home province.  8 C.F.R.  § 1208.13(b)(2)(iii); c*f. Jian Hui Shao v. Mukasey*, 546 F.3d 138, 159-62, 174 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk